BOLIN, Judge.
Plaintiff, owner of certain equipment utilized for furnishing electrical energy to two commercial establishments in downtown Shreveport, instituted the present action to recover $5,120.24 for damage to such equipment, which was allegedly dislodged from a brick wall and destroyed by defendant’s assured during the demolition of one of the buildings. Made defendants were Fireman’s Fund Insurance Company, insurer of H & W Wrecking Company, and Travelers Insurance Company, insurer of Car-Tal Construction Company.
Following trial on the merits the lower court, without assigning written reasons, found H & W Wrecking Company negligent in the operation of the demolition machinery which negligence was the sole cause of the damage to plaintiff’s property. The trial court further held the machine operator was an employee of Car-Tal Construction Company but was a borrowed employee and working under the exclusive control of H & W Wrecking Company at the time of the accident and therefore dismissed the suit as to Car-Tal and its in *626 surer. From this judgment H & W Wrecking Company’s insurer has appealed.
Appellant specifies the following errors in the proceedings of the lower court:
1. In finding H & W Wrecking Company guilty of negligence which was the proximate cause of the accident.
2. In failing to find plaintiff guilty of contributory negligence.
3. In failing to recognize the rule exacting from plaintiff a high degree of care as a distributor of high tension electricity when such electricity contributed to the cause of the accident.
As we appreciate this case, it presents purely a question of fact in that all legal principles involved are well settled and not subject to dispute. While most of the pertinent facts are contested, we have experienced no difficulty in ascertaining how the accident happened and will briefly set forth our findings.
There was an old brick and masonry building on the main street of Shreveport in which was housed two separate retail establishments. At the time of the accident this structure was in the process of being demolished by H & W Wrecking Company to make way for the construction of a modern automobile storage garage. Attached to the back wall of this building, abutting on the alley, was an electrical installation used by plaintiff for furnishing and regulating the flow of electricity to its patrons. As this equipment has been correctly enumerated and denominated in the pleadings, we content ourselves by generally stating such consisted of fuse boxes, junction boxes, metal conduits, etc. All the wires leading into the establishment had been de-energized, but all the installation was left attached to the rear of the old building for the reason that these facilities also served the property next door to the building being demolished. While appellant contends otherwise, we are satisfied the power company had notified H & W Wrecking Company of the exact condition of the equipment left attached to the rear wall. Most of the demolition was being done by the use of a piege of heavy machinery referred to as a “front-end loader”. When the operator of this machinery began to demolish that portion of the building to which the installation in question was attached, he continued to use the front-end loader, being of the opinion that he could safely work around the electrical attachments as he knocked the wall down. Unfortunately, defendant’s operator was mistaken in such assumption and while he was pushing the wall down with the front-end loader, brick and debris struck the fuse boxes, conduit, etc. causing an electrical fire and the combination of the fire and debris destroyed the equipment, which loss is made the basis of this suit.
 We think the accident and resulting damage to plaintiff was caused entirely by the negligence of the operator of the front-end loader, and it is not disputed this operator was a borrowed employee of H & W Wrecking Company. Appellant has cited several cases setting forth the principle of law that public utility companies in the handling and distribution of electricity are held to a high degree of care and skill. Such rule has certainly been recognized by the courts of our state and we are convinced from this record plaintiff discharged its obligation under this rule. We think plaintiff properly apprised the demolition company of the location and condition of the electrical distribution system and that the accident was caused entirely by the negligence of H & W Wrecking Company’s borrowed employee attempting to work around the installations with the extremely heavy and cumbersome front-end loader.
We have been cited to numerous cases which state and restate the well-established rules relating to the burden of proof, preponderance of evidence, contributory negligence, proximate cause and assumption of risk. A detailed restatement of all such principles would serve no useful purpose *627 because, under the facts as found by us, plaintiff is clearly entitled to judgment.
As the amount of damage to plaintiff’s equipment has been stipulated, it follows the judgment appealed from should be affirmed at appellant’s cost.
Affirmed.